*S. C. Willson*, for the state.

---

### CARPENTER and Another *v.* SHANKLIN.

By a lease of real estate executed by the lessor and lessee under their seals for one year, the time fixed for the payment of the last half year's rent was *the first of February*, 1841. *Held*, that parol evidence that the said rent was not due until the first of *March*, 1841, was inadmissible. *Held*, also, that the landlord, in such case, had a preference for said rent over an execution levied on *the first of February*, 1841, on the tenant's goods.

ERROR to the *Vanderburgh* Circuit Court.

BLACKFORD, J.—The record in this case shows, that *Shanklin* had demised to one *Dawley*, by a lease under seal, certain real estate for one year, ending on the 23d of *February*, 1841, for which the lessee was, by the said lease, executed also by him under his seal, to pay 125 dollars rent, one half on the first of *August*, 1840, and the other half *on the first of February*, 1841 ; that a constable, by virtue of an execution in favour of *Alvin* and *Willard Carpenter* against *Dawley*, levied upon the latter's goods *on the first of February*, 1841, and afterwards sold the same for 75 dollars. It further appears that *Shanklin*, claiming a half year's rent to be due him on the first of *February*, 1841, from *Dawley* under said lease, proceeded directly after that time, before a justice of the peace, pursuant to the statute of 1838, and, by the judgment of the justice, established his claim to the rent, viz., 62 dollars and 50 cents, as due on the first of *February*, 1841. From that decision of the justice, the execution-creditors appealed to the Circuit Court.

On the trial of the cause in that Court, *Shanklin*, the plaintiff, gave in evidence the lease to *Dawley* which we have already noticed, and also a promissory note as follows, viz. "$ 62 50. On the first day of *March*, 1841, I promise to pay *John Shanklin* or order 62 dollars and 50 cents, for half year's rent, ending on the date above mentioned. *Dec.* 24, 1840.—*M. A. Dawley*." The execution-creditors, *Alvin* and *Willard Carpenter*, proved by *Dawley* that said note was given for the last half year's rent reserved in said lease ; that the witness supposed, when he gave the note, that said rent was not payable, by the terms of the lease, till said first of *March*. They also proved that an account, in the plaintiff's handwriting, was presented by his clerk to *Dawley*, in which there was a charge for said half year's rent due the first of *March*, 1841. This is the substance of the evidence contained in the record ; but how much other evidence was given, we are not informed.

The record shows the agreement of the parties to be, that the only matter of dispute between them is, whether the rent for the last half year was due at the time of the levying of the aforesaid execution ?

*Margin notes:*

Nov. Term, 1844.

CARPENTER
v.
SHANKLIN.

Saturday,
December 7.

Nov. Term, 1844.

The Circuit Court gave judgment for the plaintiff for 66 dollars and 22 cents.

In determining the question submitted by the parties as above mentioned, we are first to inquire whether it was on the first of *February* or the first of *March*, 1841, that the last half year's rent was payable. We think the lease, which is under the seal of the parties, must govern as to this matter; and according to that, the said rent was payable on the first of *February*. The evidence relied on to show that the first of *March* was the time is parol, and cannot be admitted to control the lease. The next subject to be noticed is, whether the rent, which was payable on the said first of *February*, can be considered to be due on that day so as to give a preference to the plaintiff as landlord, under the statute of 1838, over an execution levied on the same day on the tenant's goods. It is decided in *Ladbrook* v. *Wilmot*, cited in Tidd's Prac. 1054, 8th ed., and in Sewell's Law of Sheriff, 256, that the rent which became due on the day the execution was levied, may be claimed by the landlord. That case was decided under an *English* statute, viz., the statute of *Anne*, the language of which, so far as the present question is concerned, is the same with ours; R. S. 1838, p. 473, sect. 5; and we think the decision is unobjectionable.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Law* and *L. Barbour*, for the plaintiffs.

*J. Pitcher* and *O. H. Smith*, for the defendant.